*263 OPINION OF THE COURT
George B. Ceresia, Jr., J.
In this miscellaneous proceeding in connection with the ancillary probate of the will of Ralph Manson Rhoades, the petitioner, Myrna Rhoades, has petitioned the court to determine the validity of a right of election filed by her against the decedent’s New York estate pursuant to EPTL 5-1.1.
The relevant facts of this case appear to be undisputed. The petitioner, Myrna Rhoades, is the surviving spouse of the decedent, Ralph Manson Rhoades, who died on November 16, 1991 domiciled in the State of Florida. Decedent’s last will and testament dated March 15, 1988, was executed in the State of Florida and admitted to probate on March 4, 1992 by the Circuit Court of the County of Lee, State of Florida. The will specifically devises decedent’s interest in real property known as 26 Point View Drive, Town of East Greenbush, Rensselaer County, State of New York, to his former wife, Frances R. Rhoades, and the remainder of his estate to his two children, Ralph W. Rhoades and Pamela Ann Rhoades. The decedent’s son, Ralph W. Rhoades, is the executor nominated in the decedent’s will and he was so appointed by the Florida Circuit Court. The executor, thereafter, petitioned this court for ancillary probate of the decedent’s will and it was subsequently admitted to probate on January 15, 1993.
Except for the real property located in the Town of East Greenbush, all of the decedent’s assets were located in the State of Florida. Since the decedent’s will made no provisions for her, the petitioner has exercised her elective share under Florida law. Because the Florida law concerning a spouse’s right of election does not take into account real property not located in Florida, the petitioner also filed a right of election against the decedent’s New York State real property and has commenced this proceeding for the court to determine the validity of her right of election.
article 2 of decedent’s will states as follows:
"article 2. SPECIFIC BEQUESTS in accordance with a marital SETTLEMENT.
"In accordance with our Marital Settlement Agreement, I give, devise and bequeath to my former wife, Frances R. Rhoades, any right, title or interest I may have in the premises located at 26 Pointview Drive, in the Town of East Greenbush, County of Rensselaer and State of New York, including the contents thereof. In the event Frances R. *264 Rhoades shall predecease me, then in that event, I devise said right, title and interest to the two children of said marriage, Ralph W. Rhoades and Pamela Ann Rhoades, or to the survivor thereof and also, all right, title and interest in the contents thereof, including family heirlooms, furnishings and furniture to the said children or to the survivor thereof, share and share alike.”
Decedent’s former wife, Frances R. Rhoades, has appeared in this proceeding by her attorney and has joined with the executor of the decedent’s estate in denying that petitioner can exercise a right of election against the East Greenbush property.
The court’s analysis of this proceeding must start with EPTL 5-1.1 (d) (7) which states as follows: "The right of election granted by this section is not available to the spouse of a decedent who was not domiciled in this state at the time of death, unless such decedent elects, under paragraph (h) of 3-5.1, to have the disposition of his property situated in this state governed by the laws of this state.” It is clear from a reading of decedent’s will that there are no provisions wherein he elects to have the disposition of his property situated in New York State governed by New York State law.
The parties have submitted legal briefs in which they extensively contest the applicability of Matter of Clark (21 NY2d 478) and Matter of Renard (56 NY2d 973) and whether or not Matter of Renard has overruled Matter of Clark. The parties also debate the effect that the basic conflict of laws statute, EPTL 3-5.1, has on this situation. The court is, however, of the opinion that neither Matter of Clark nor Matter of Renard nor EPTL 3-5.1 are applicable to the specific fact pattern of the case now before the court.
In Matter of Clark (supra), the testator, who was a Virginia domiciliary, specifically provided in his will that the will and the testamentary dispositions in it should be construed, regulated and determined by the laws of the State of New York. The testatrix in Matter of Renard (supra), who was domiciled in France, left two wills, a "French” will and a "New York” will. The New York will provided that it should be admitted to original probate in New York and that it should be construed and regulated by the laws of the State of New York.
The will before this court does not contain any provisions under EPTL 3-5.1 (h) stating that decedent’s East Greenbush property should be disposed of pursuant to New York State *265 law. In the absence of such a declaration, there is no need for the court to engage in conflict of laws analysis pursuant to EPTL 3-5.1.
The petitioner argues that it is unfair to deny a spouse the right to elect against New York State real property owned by his/her nondomiciliary spouse who has disinherited him/her. The petitioner points out that this leads to the absurd result that if a spouse wants to disinherit his/her spouse from receiving any property located in New York, he/she can move out of New York State, establish domicile in another State, and then execute a will in the other State disinheriting a spouse so that he/she would not have any rights against the New York property. This result, however unfortunate, is precisely what New York State law allows. EPTL 5-1.1 (d) (7) quite clearly indicates that a domiciliary of New York can defeat any rights his/her spouse might anticipate having under the New York State right of election by simply changing his/her domicile at any time prior to death.
In view of the extensive recent amendments to EPTL 5-1.1, it must be assumed that the Legislature intended this result to occur. The newly adopted section 5-1.1-A (c) (6) which applies to decedents dying on or after September 1, 1992, is exactly the same as section 5-1.1 (d) (7) which applies to decedents dying prior to September 1, 1992. Accordingly, petitioner’s notice of election is hereby deemed invalid and the petition to determine the validity of the right of election is hereby dismissed.